SEMON MULLER, RELATOR, v. BRICKLAYERS', MASONS' AND PLASTERERS' INTERNATIONAL UNION OF AMERICA, UNION NO. 23, NEW JERSEY, AND JEROME M. WESTERVELT, RESPONDENTS.

Decided February 16, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the relator, *Feder & Rinzler.*

For the respondents, *Henry Carless.*

PER CURIAM.

This is a rule to show cause why a writ of *mandamus* should not issue to compel the respondent union and its sec-

retary to admit relator to membership in said union as a journeyman plasterer.

The relator claims that he has served the necessary four-year apprenticeship to qualify him for admission, although he admits that he failed to comply with the rules and regulations of the union in that he omitted to register and file his apprenticeship agreement in time.

It has been held in this state that labor unions may require such qualifications for membership and such formalities of election as they choose. *Mayer* v. *Journeymen Stone Cutters Assn.*, 47 *N. J. Eq.* 519, 524.

It has also been laid down as a general rule supported by the adjudications, that "an expelled apprentice who has never been recognized as a full member of a union is not entitled to injunctive relief against the refusal of the society to grant him full membership and a union card." 24 *Cyc.* 826, and cases. It is also to be observed that the rule is settled that the court will not interfere in the manner requested here in the affairs of an incorporated society or voluntary association of individuals, which is the status presented by the union in this case. *Mayer* v. *Journeymen Stone Cutters Assn., supra.*

The result is that the rule will be discharged, with costs.